UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-

MICHEL BENSOUSSAN

    Plaintiff,

VS.

OPPOSITE INCOPORATED and
ZEHAVA TOURJMAN,

    Defendants.

_____/

## NOTICE OF REMOVAL

Defendants OPPOSITE INCOPORATED and ZEHAVA TOURJMAN, now doing business, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of this case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, to the United States District Court for the Southern District of Florida, on the following grounds:

    1.    This removal is based upon 28 U.S.C. § 1332. As set forth in greater detail below, this Court has original jurisdiction over this matter because there is (1) complete diversity of citizenship between Plaintiff MICHEL BENSOUSSAN ("Plaintiff"), who is a citizen and resident of Canada, and Defendants OPPOSITE INCOPORATED, a Florida corporation, and ZEHAVA TOURJMAN, a citizen of the State of Florida, ("Defendants") and (2) the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

    2.    Defendants were sued in a civil action filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, CASE NUMBER 05-21304 CA 11.



CASE NO.:_____

Respectfully submitted,

AARON R. RESNICK
LAW OFFICES OF AARON RESNICK, P.A.
www.thefirmmiami.com
1521 Alton Rd., Suite 734
Miami Beach, FL 33139
Direct Dial:     (305) 975-3976
Facsimile:      (877) 381-6045
Email: aresnick@thefrimmiami.com

BY _____
       AARON R. RESNICK
       F.B.N. 0141097

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic mail and facsimile to counsel for the Plaintiff, Mark Cohen, Mark Cohen, P.A., 4000 Hollywood Blvd., Suite 435, Hollywood, Florida 33021.

BY _____
       AARON R. RESNICK

4

11/11/2005 16:32 3053717330 SHAKED & BIONDO, P.A PAGE 04/18
NOV 11, 2005 16:29 3055340223 Page 5

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI - DADE COUNTY, FLORIDA

CASE NO. 05-21804 CA 11

CHEL BENSOUSSAN, an individual,
Plaintiff

OPPOSITE INCORPORATED, a Florida corporation;
ZEHAVA TOURJMAN, Individually.
Defendants.



ORIGINAL
FILED
OCT 3 1 2005
HARVEY RUVIN
CLERK

## COMPLAINT

Plaintiff, MICHEL BENSOUSSAN ("BENSOUSSAN"), sues Defendants OPPOSITE INCORPORATED ("OPPOSITE" or corporation) and ZEHAVA TOURJMAN ("TOURJMAN") and allege:

1. This is an action to compel Defendants to allow inspection and copying of corporate records by the Plaintiff shareholder, as well as for other declaratory and injunctive relief.

2. Plaintiff BENSOUSSAN is an individual who resides in Montreal, Quebec, Canada.

3. Defendant, OPPOSITE is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

4. Defendant, TOURJMAN is an individual who resides in Miami-Dade County, Florida.

5. Venue is proper as to all Defendants in Miami-Dade County, Florida.

11/11/2005  16:32   3053717330          SHAKED & BIONDO, P.A.           PAGE  05/19
NOV 11, 2005 16:29              3055340223                              Page 6

## FACTUAL ALLEGATIONS

6. Plaintiff, BENSOUSSAN is a shareholder in the Defendant corporation since September 4, 2003. Plaintiff, BENSOUSSAN presently owns fifty (50) shares of common stock in Defendant corporation. A true and correct copy of the shareholder certificate is attached herein as Exhibit "A."

7. Defendant, TOURJMAN is a fifty (50%) percent shareholder as well as the Director of Defendant corporation, OPPOSITE. See attached herein as Exhibit "B."

8. Differences between BENSOUSSAN and TOURJMAN have led to an impasse with respect to operation of the Defendant corporation OPPOSITE.

9. BENSOUSSAN, by and through undersigned counsel, requested access to the books and records of OPPOSITE. OPPOSITE and TOURJMAN have unlawfully and without legal justification refused Plaintiff access to the books and records. See attached Demand Letters herein as Exhibits "C" and "D" respectively.

## COUNT I
## ACCOUNTING

10. Plaintiff hereby readopts and incorporates the allegations set forth in paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. Inspection and copying of corporate records were to occur in Miami-Dade County, Florida.

12. In compliance with Florida Statute § 607.1602(1) & (2), Plaintiff, by and through his undersigned counsel, sent a written notice to inspect and copy records of the

corporation.

13. Defendants refused to at that time and continue to refuse, to respond to Plaintiff's demand to authorize or permit the inspection and copying by Plaintiff of the corporate records.

WHEREFORE, Plaintiff demands an order requiring Defendants to allow Plaintiff inspection and copying of the corporate records, an accounting and a judgment for damages against/Defendants, including costs and attorneys fees and such other and further relief as this Court deems just and proper.

### COUNT II
### DERIVATIVE ACTION AGAINST TOURJMAN AND OPPOSITE

14. Plaintiff hereby readopts and incorporates the allegations set forth in paragraphs 1 through 9 of the Complaint as if fully set forth herein.

15. All conditions precedent to this action have been fulfilled, waived or excused.

16. Defendant, TOURJMAN owed Plaintiff a fiduciary duty as a fellow shareholder and an officer of OPPOSITE.

17. ZEHAVA TOURJMAN has violated her fiduciary obligations to the Plaintiff by:

    a) improperly exerting such dominion and control over the corporation to the extent that the corporation has no effective independent existence;

    b) refusing to allow a proper inspection and copying of the corporate

books and records.

18. A demand for investigation pursuant to Florida Statute §607.07401(3) would be futile since the present shareholder and director by virtue of her hostile interest and guilty participation in the acts complained of cannot be expected to institute suit or, if she would, she would not be the proper parties to conduct the litigation.

WHEREFORE, Plaintiff, BENSOUSSAN demands judgment against OPPOSITE and TOURJMAN and requests injunctive relief requiring entry of an Order removing Defendant TOURJMAN as an officer and director as well as an accounting of damages and compensatory damages as entry of statutory penalties and attorney's fees and costs pursuant to Florida Statute §607.157(4) and (5) and §51.105 and such further relief as this Court may deem just and proper.

### COUNT III
### JUDICIAL DISSOLUTION OF CORPORATION
### PURSUANT TO FLORIDA STATUES §607.1430

19. Plaintiff hereby readopts and incorporates the allegations set forth in paragraphs 1 through 9 of the Complaint as if fully set forth herein.

20. This count is brought pursuant to Florida Statutes §607.1430.

21. Florida Statutes §607.1430(3)(a) and (3)(b) provide, in pertinent part, that a shareholder can seek judicial dissolution of a corporation where "corporate assets are being misapplied or wasted, causing material injury to the corporation," and where the director or other person in control of the corporation has acted and/or continues to act "in

a manner that is illegal or fraudulent."

22. Based on the factual allegations contained herein, it is clear that the TOURJMAN as an officer and director of OPPOSITE has breached her fiduciary duty to both OPPOSITE and Plaintiff, BENSOUSSAN.

23. Pursuant to Florida Statute §607.1430, Plaintiff BENSOUSSAN seeks dissolution of the Defendant corporation OPPOSITE.

WHEREFORE, Plaintiff, BENSOUSSAN, demands dissolution of the corporation OPPOSITE against Defendant, TOURJMAN, as well as attorneys fees and costs pursuant to Florida Statute §57.105 and requests this Court grant such further relief as the Court deems just and proper.

## COUNT IV
## APPOINTMENT OF RECEIVER OR CUSTODIAN

24. Plaintiff hereby readopts and incorporates the allegations set forth in paragraphs 1 through 9 of the Complaint as if fully set forth herein.

25. At this time it is apparent that TOURJMAN has acted in a manner that is illegal or fraudulent and has acted to operate the Defendant corporation OPPOSITE solely for her own personal benefit, thereby making the corporate existence of the Company a nullity and a fraud.

26. BENSOUSSAN believes that OPPOSITE is capable of making a profit, and BENSOUSSAN would prefer to see OPPOSITE continue its existence and continue to make a profit, and it can be run even more profitable if it were not operated by

Defendant TOURJMAN.

27. Inasmuch as BENSOUSSAN has pled a count for judicial dissolution of the Company, it is also necessary and proper that this Court appoint a receiver or custodian pendent elite to manage the affairs of the Company, and in particular, to continue operating OPPOSITE until the litigation initiated by virtue of this Complaint is completed.

28. BENSOUSSAN has no adequate remedy at law which will protect his ownership interest in the subject Company and/or his interest in the Company as a shareholder and creditor.

Dated this 31st day of October, 2005

>    MARK D. COHEN, P.A.
>    Attorneys for Plaintiff
>    Presidential Circle
>    4000 Hollywood Blvd.
>    435 South
>    Hollywood, FL 33021
>    Telephone: 954-962-1166
>    Fax: 954-962-1779
>
>    By: _____
>    PHYLLIS D. COOK, ESQ.
>    FL. BAR NO 830771

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail this 31St day of October, 2005 upon Zehava Tourjman, 19501 Biscayne Blvd. #765, Aventura, Florida, 33180.

MARK D. COHEN, P.A.
Attorney for Plaintiff
Presidential Circle
4000 Hollywood Blvd., #435 So.
Hollywood, FL 33021
Telephone: (954) 962-1166
Fax: (954) 962-1779

By: _____
PHYLLIS D. COOK, ESQ.
FLA BAR NO. 830771



Exhibit "A"



Exhibit "B"



**MARK D. COHEN, P.A.**
Presidential Circle, Ste. 435 South
4000 Hollywood Boulevard
Hollywood, FL 33021

Telephone: (954) 962-1166    Facsimile: (954) 962-1779

Ms. Zehava Tourjman
19501 Biscayne Blvd.
#785
Aventura, FL 33180

Dear Ms. Tourjman:

Mr. Micheal Bensussan as registered shareholder of Opposite, Incorporated wishes to assert his shareholder's right under Florida Statute §§607.1602(1) & (2) which states in part:

> A shareholder of a corporation is entitled to inspect and copy...any of the records of the corporation described in §607.1601(5) if the shareholder give the corporation written notice of his or her demand at least 5 business days before the date on which he or she wishes to inspect and copy.

Mr. Bensussan's purpose is to determine his interest in Opposite, Incorporated, currently operating at 19501 Biscayne Blvd, #785, Aventura, FL, 33180.

In particular Mr. Bensussen wishes to inspect and copy:

(a) Opposite, Incorporated's articles of incorporation and all amendments to them currently in effect;

(b) Opposite, Incorporated's bylaws or restated bylaws and all amendments to them currently in effect.

(c) Resolutions adopted by Opposite, Incorporated's Board of Directors creating one or more classes or series of shares and fixing their relative rights, preferences, and limitations, if shares issued pursuant to those resolutions are outstanding;

(d) The minutes of all shareholders' meetings and records of all action taken by shareholders without a meeting for the past 3 years;

(e) Written communications to all shareholders generally or all shareholders of a class or series within the past 3 years, including the financial statements furnished for the past 3 years under §607.1620;

Exhibit "C"

(f)  A list of the names and business street addresses of the current directors and officers of Opposite, Incorporated;

(g)  The most recent annual report delivered to the Department of State under §607.1622;

(h)  Minutes of any meeting of the Board of Directors, records of any action of a committee of the Board of Directors while acting in place of the Board of Directors on behalf of Opposite, Incorporated, minutes of any meeting of the shareholders, and records of action taken by the shareholders or board of directors without a meeting as required to be maintained by §§607.1601 (1) & (5)(d);

(i)  Accounting records of Opposite, Incorporated maintained as required by §607.1601(2);

(j)  The record of shareholders as permitted by §607.1602 (3); and

(k)  Any other books and records pertaining to Opposite, Incorporated transfer of assets and liabilities to any other Florida registered corporation

This demand is made in good faith and said documents must be made available 5 days after this written request. Please have said documents available for inspection and copying on 9th day of August, 2005.

Very truly yours,

Phyllis D. Cook

Phyllis D. Cook, Esq.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05-23093

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
MICHEL BENSOUSSAN

**DEFENDANTS**
OPPOSITE INCORPORATED &
ZEHAVA TOURJMAN

(b) County of Residence of First Listed Plaintiff: CANADA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: MIAMI DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark Cohen, P.A.
4000 Hollywood Blvd. #435
Hollywood, FL 33021  (954) 962-1166

Attorneys (If Known)
Aaron Resnick, P.A.
1521 Alton Road, #734
Miami Beach, FL 33139  (305) 975-3976

(d) Check County Where Action Arose: ☒ DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity)):
28 USC 1332
Shareholder Suit
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over $75,000 in dispute
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
State Case
JUDGE Robert Scola
DOCKET NUMBER 05-21364 CA11

DATE 11/23/05
SIGNATURE OF ATTORNEY OF RECORD Aaron Resnick

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT $250.00 APPLYING IFP 931165

11/29/05